UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA ARONG O'BRIEN, | |
| Plaintiffs, | No. 22 CV 83 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner Jessica Arong O'Brien ("O'Brien") was charged and convicted in 2018 of a scheme to commit bank and wire fraud. *United States v. O'Brien*, No. 17 CR 239 (N.D. Ill. Dec. 21, 2018), Dkt. Nos. 1, 233.[1] The Seventh Circuit affirmed her conviction on appeal. *United States v. O'Brien*, 953 F.3d 449 (7th Cir. 2020). O'Brien then filed a timely petition for relief under 28 U.S.C. § 2255, raising numerous issues regarding the underlying proceedings. R. 10. The Court denied that petition in its entirety. R. 39. Now before the Court is O'Brien's Rule 59(e) motion to alter or amend the judgment denying her § 2255 petition. R. 45. For the following reasons, O'Brien's Rule 59(e) motion is denied.[2]

---

[1] The docket for O'Brien's criminal case, No. 17 CR 239, is distinct from the docket for the § 2255 petition, No. 22 CV 83. All citations to the docket in the § 2255 petition will be referred to as "R. [docket number]."

[2] Prior to filing her Rule 59(e) motion, O'Brien sought leave to file an oversized brief up to 50 pages. R. 42. The Court granted her request to file an oversized brief but limited the brief to 20 pages. R. 44. O'Brien filed a memorandum in support of her motion which conformed to the page limit. R. 46. In addition to the memorandum,

1

## Legal Standard

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment. Fed. R. Civ. P. 59. To obtain relief, the moving party must either 1) clearly establish a manifest error of law or fact; or 2) present newly discovered evidence.[3] *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007). To establish manifest error, the party cannot merely rehash old arguments; rather, manifest error requires a showing of "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Regarding new evidence, the party cannot introduce

---

O'Brien filed attached to her motion a six-page single-spaced addendum labeled as "Relevant Background." R. 45 at 2–7. Despite the label as *background*, the addendum sets forth arguments and effectively extends the memorandum. *Id.* Courts expect parties to "respond to our orders by complying rather than seeking ways to evade them." *Westinghouse Elec. Corp. v. N.L.R.B.*, 809 F.2d 419, 425 (7th Cir. 1987) (addressing attempts to disguise page limits through typographical techniques such as spacing and font-size); *Range v. Brubaker*, 2009 WL 161699, at *1 (N.D. Ind. Jan. 21, 2009) (the filing of multiple briefs is "clearly intended to sidestep the [Court's] Order"). Pursuant to Local Rule 7.1, courts may strike filings which fail to comply with page limits. *U.S. ex rel. Fowler v. Caremark RX, Inc.*, 2006 WL 1519567, at *6 (N.D. Ill. May 30, 2006). The Court finds that the relevant background taken together with the memorandum exceeds the page limit set by the Court. The Court thus strikes the relevant background, R. 45 at 2–7, and reviews only the arguments set forth in O'Brien's memorandum, R. 46, and reply, R. 61.

[3] O'Brien asserts that courts may also grant relief under Rule 59(e) based on a showing of "manifest injustice" or an "intervening change in controlling law." R. 46 at 2. This does not comport with Seventh Circuit precedent which clearly establishes that Rule 59(e) allows two avenues for relief: manifest error or newly discovered evidence. *See, e.g., Sigsworth*, 487 F.3d at 511–12; *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). O'Brien does not argue for relief based on an intervening change in controlling law, but she does seek relief based on manifest injustice. To the extent O'Brien seeks relief based on manifest injustice, the Court reviews her argument under the Seventh Circuit standard set forth for manifest error of law or fact.

evidence that could and should have been presented prior to the judgment. *Sigsworth*, 487 F.3d at 512. The party must show that evidence was discovered post-judgment, that the evidence is material and not merely cumulative or impeaching, and that the evidence is such that it would probably produce a new result. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).

## Analysis

### I. Manifest Errors of Law

First, O'Brien argues that the Court applied the incorrect legal standard when denying her request for an evidentiary hearing. R. 46 at 2–6. She asserts that the Court applied the standard set out under 28 U.S.C. § 2254 rather than § 2255, *id.* at 3, that the Court "reversed the express language" of § 2255, *id.* at 4, and that the Court relied on incorrect case precedents, *id.* at 6. O'Brien provides only conclusory assertions without a single citation to the underlying opinion, *id.* at 2–6, and these assertions are inconsistent with the opinion. Throughout its opinion, the Court cited to § 2255, and never to § 2254. R. 39. Regarding the evidentiary hearing, the Court cited to § 2255 and relied on *Martin v. United States*, 789 F.3d 703 (7th Cir. 2015) and *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006). *Martin* and *Kafo* are both Seventh Circuit cases that address § 2255 and not § 2254. O'Brien also asserts that the Court failed to consider *Michibroda v. United States*, 368 U.S. 487 (1962), which, according to O'Brien, would have required the Court to order an evidentiary hearing. *Michibroda*, however, is inapplicable to the present case. The *Michibroda* court reversed and remanded for an evidentiary hearing based on the presence of conflicting affidavits containing allegations related to purported occurrences outside

3

the courtroom, 368 U.S. at 494–96, and there were no such conflicting affidavits for O'Brien's petition, *c.f.* R. 10 and 30 with R. 20. In short, *Michibroda* does not dictate a hearing in this case and the Court applied the correct law under § 2255. There was no manifest error of law regarding the denial of an evidentiary hearing.

Second, O'Brien argues that the Court applied an "erroneous set of laws" regarding her prosecutorial misconduct allegations. R. 46 at 4. O'Brien does not cite to the Court's opinion, she does not identify the set of laws she claims were wrong, nor does she identify the laws she claims should have been applied. *Id.* at 4–6. The Court evaluated O'Brien's prosecutorial misconduct claims based on the holdings of *Darden v. Wainwright*, 477 U.S. 168 (1986), *Whitehead v. Cowan*, 263 F.3d 708 (7th Cir. 2001), and *Hawthorne v. Cowan*, 224 F. Supp. 2d 1178 (N.D. Ill. 2002). R. 39 at 18–19. These cases remain good law on the issue of prosecutorial misconduct. There was no manifest error of law regarding the prosecutorial misconduct allegations.

Third, O'Brien argues that the Court applied the incorrect legal standard for its procedural default analysis. R. 46 at 5. She asserts that the Court's "analysis regarding procedural default is conflated with 28 U.S.C. § 2254(e)(2)" which sets out a "much higher and different" standard than 28 U.S.C. § 2255. *Id.* When articulating the standard for procedural default, R. 39 at 16, the Court relied on *Delatorre v. United States*, 847 F.3d 837 (7th Cir. 2017), which involved § 2255, and not § 2254. When articulating the standard for the actual innocence exception to procedural default, R. 39 at 16, the Court cited *McQuiggin v. Perkins*, 569 U.S. 383 (2013), which addressed a § 2254 petition. The Court relied on *McQuiggin* only to articulate the

4

actual innocence standard and the "Supreme Court has never mentioned a difference in the purpose or application of the actual innocence exception between § 2254 and § 2255 proceedings." *Lund v. United States*, 913 F.3d 665, 668 (7th Cir. 2019). There was no manifest error of law regarding the legal standard for procedural default.

Fourth, O'Brien argues that the Court applied incorrect law regarding the Confrontation Clause. R. 46 at 8–9. She asserts that the government violated her rights under the Confrontation Clause because it failed to call a witness with personal knowledge of the fraudulent transactions. *Id.* O'Brien misunderstands her rights under the Confrontation Clause, and she fails to cite any case law to support her position. *Id.* Contrary to O'Brien's assertions, the government is not obligated to call a witness and may present its case with whatever witnesses it desires. *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997) ("the prosecution is entitled to prove its case by evidence of its own choice"). And the government violates the Confrontation Clause by failing to call a witness only when it presents "testimonial hearsay" by that witness. *United States v. Vitrano*, 747 F.3d 922, 924 (7th Cir. 2014). O'Brien fails to identify—she does not even attempt to identify—a single statement presented by the government that constituted testimonial hearsay. R. 46 at 8–9. There was no manifest error of law regarding the Confrontation Clause.

Fifth, O'Brien argues that the Court applied incorrect law regarding its *Brady* analysis. R. 46 at 11–12. She asserts that the Court relied on case law with "widely divergent" facts, namely *United States v. Shields*, 789 F.3d 733 (7th Cir. 2015) and *United States v. Mahalik*, 498 F.3d 475 (7th Cir. 2007). *Id.* at 11. O'Brien fails to

5

develop this argument for two reasons. First, she fails to cite any cases contrary to *Shields* and *Mahalik* in support of her position. *Id.* at 11–12. Second, she provides just one fact to distinguish her case from *Shields* and *Mahalik*—that she was "stonewalled" during discovery—yet fails to indicate how this fact makes *Shields* and *Mahalik* inapplicable. *Id.* at 12. Significantly, the Court already accounted for and considered the purported stonewalling in its underlying opinion. *See* R. 39 at 7 (addressing delayed document production during discovery). In addition to *Shields* and *Mahalik*, the Court cited other cases, both Supreme Court and Seventh Circuit precedent, as part of its *Brady* analysis. R. 39 at 39–43. The cases cited by the Court, including *Shields* and *Mahalik*, remain good law regarding *Brady* and are binding precedent. There was no manifest error of law regarding the *Brady* analysis.

Sixth, O'Brien argues that the Court failed to consider the legal standard for cumulative error as set out in *United States v. Tucker*, 714 F.3d 1006 (7th Cir. 2013). R. 46 at 13. Under *Tucker*, a petitioner must establish "at least two errors" committed during trial and show that "but for these missteps the outcome of [the] trial would have been different." 714 F.3d at 1017. As detailed in the underlying opinion, the Court did not find that O'Brien had established "at least two errors" as required under *Tucker*. *See* R. 39. Even so, assuming all errors asserted by O'Brien, she still fails to make any argument (outside of merely asserting the standard) as to how the cumulative effect of the errors would have changed the outcome of the trial. R. 46 at 12–13. There was no manifest error of law under *Tucker*.

6

Seventh, O'Brien argues the Court erred because it "summarily dismissed" the following arguments: ineffective assistance of counsel, prosecutorial misconduct related to the government's closing remarks, prosecutorial misconduct related to subornation of perjured testimony (related to testimony by Judy Taylor), violations under *Brady*, violations under *Giglio*, and tampered exhibits. R. 46 at 12–15. Far from summarily dismissing these issues, the Court sufficiently addressed these arguments in the underlying opinion. *See* R. 39 at 44–52 (addressing ineffective assistance of counsel); 21–23 (addressing the government's closing remarks); 28–39 (addressing subornation of perjured testimony); 39–43 (addressing *Brady*); 12 n.2 (finding that O'Brien waived her *Giglio* argument by neglecting to raise it until her reply); and 23–25 (addressing evidence tampering). And as already stated, a party cannot merely rehash old arguments to establish manifest error. *Oto*, 224 F.3d at 606 (rejecting Rule 59(e) motion that "merely took umbrage with the court's ruling and rehashed old arguments"). The Court properly considered and dismissed O'Brien's arguments in the underlying opinion. There was no manifest error of law on these issues.

## II. Manifest Errors of Fact

First, O'Brien argues that the Court erred by making a factual finding that her appeal raised arguments regarding ineffective assistance of counsel and violation of due process (and then erred, based on this finding, by declining to consider arguments raised on appeal). R. 46 at 4. But the Court never made any such finding—the Court found that the appeal raised other arguments regarding statute of limitations,

7

perjury, and sufficiency of evidence, but the Court did not determine that the appeal raised ineffective assistance of counsel or violation of due process. R. 39 at 14–15. And, even for the arguments which O'Brien raised on appeal and then raised again in her § 2255 petition, the Court still addressed these arguments and found them lacking. *Id.* at 15. As to the identification of arguments raised on appeal, there was no manifest error of fact.

Second, O'Brien argues that the Court erred because the Court is not giving O'Brien "the opportunity to develop" facts related to her *Brady* claims. R. 46 at 7. O'Brien asserts facts related to her *Brady* arguments, *id.* 6–7, yet the Court already considered and addressed these facts in detail in the underlying opinion. R. 39 at 39–43. O'Brien seeks the opportunity to develop these facts further, but as already discussed, the Court properly denied O'Brien's request for an evidentiary hearing. As to O'Brien's *Brady* claims, there was no manifest error of fact.

Third, O'Brien argues that the Court erred by making a factual finding that O'Brien failed to raise "some of her prosecutorial misconduct claims" until her supplemental reply brief (and then erred, based on this finding, by declining to consider arguments raised in her reply and supplemental briefs). R. 46 at 7. O'Brien asserts that because she attached the trial record to the initial petition, she necessarily raised her misconduct claims because they are apparent in the record. *See id.* ("[T]he Court was already supposed to review her § 2255 filing against the trial record and therefore, identifying important transcript pages should not be disregarded because it was submitted as a supplement."). This position has no basis.

8

A petitioner does not automatically raise any argument related to the trial record by merely attaching the record as an exhibit. To properly raise an argument in a brief, the petitioner must identify and develop it. *Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008) (undeveloped and legally unsupported arguments are waived). The only case cited by O'Brien to support her contention, *Mayle v. Felix*, 545 U.S. 644, concerns relation back under Federal Rule of Civil Procedure 15, which is irrelevant to the comparison of initial briefs with reply briefs. The Court correctly found that O'Brien failed to raise certain arguments until her reply or supplemental briefs, and correctly declined to consider these arguments. R. 39 at 12 n.2 (citing *Porco v. Trustees of Ind. Univ.*, 453 F.3d 390, 395 (7th Cir. 2006) (even if litigant is *pro se*, arguments made for the first time in reply brief are waived)). As to the identification of arguments raised in the reply briefs, there was no manifest error of fact.

Fourth, O'Brien argues that the Court's analysis makes improper inferences in favor of the government despite "uncontroverted evidence" supplied by O'Brien. R. 46 at 9. O'Brien fails to provide a single example of an improper inference. *Id.* at 9–10. She also fails to provide a specific citation to evidence. *Id*. Instead, she refers generally to "[a]ll documents provided to this Court" and asserts that the "documents attached to Petitioner's § 2255 petition were sufficient to question the government's evidence and should have been enough for this Court to proceed to either expand the record or allow Petitioner to engage in limited discovery." *Id.* The Court issued a comprehensive 53-page decision denying O'Brien's petition and in doing so, the Court properly considered the attached documents. O'Brien's conclusory assertions, absent

9

identification of specific errors or presentation of newly discovered evidence, are insufficient under Rule 59. As already stated, a party cannot merely rehash old arguments to establish manifest error. *Oto*, 224 F.3d at 606. There was no manifest error on this issue.

### III. Newly Discovered Evidence

O'Brien identifies nine issues by bullet point and argues that these issues "remain either uncontroverted or are in controversy" and "should have prompted this Court to conduct an evidentiary hearing." R. 46 at 10–11. With the exception of the fifth bullet point, O'Brien fails to provide any evidence or argument beyond reference to exhibits that were already considered by the Court as part of the initial petition. As already stated, a party cannot rehash old arguments to establish manifest error, *see Oto*, 224 F.3d at 606, and O'Brien's position is thus rejected with the exception of the fifth bullet point.

Regarding the fifth bullet point, O'Brien attaches the resume and affidavit of Daniel Kadolph. *Id.* at 11. Kadolph is a financial executive, *id.* Ex. 1, and the affidavit asserts his opinion—based on his professional experience as a financial executive and based on his review of certain documents in this case—that CitiMortgage Inc. was not a subsidiary of Citibank, N.A. until 2009. *Id.* Ex. 2. In effect, O'Brien seeks to introduce Kadolph's affidavit as expert testimony.

To present "newly discovered evidence" under Rule 59(e), a party cannot introduce evidence that could and should have been presented prior to the judgment. *Sigsworth*, 487 F.3d at 512. O'Brien fails to provide any explanation for why she did

10

not provide the Kadolph affidavit earlier during her trial or as part of her § 2255 petition. Absent a valid explanation for the delay, the Court finds that the affidavit does not constitute newly discovered evidence under Rule 59(e) and thus cannot be considered by Court. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("The plaintiffs failed to offer any explanation at all as to why the information contained in the affidavits was not available to them when they opposed [the] motion. . . . Their attempt to show a genuine issue of material fact by supplementing the record at the Rule 59(e) stage of the proceedings was too little, too late.").

Even if the Court were to consider Kadolph's affidavit, Kadolph is not properly qualified as an expert before the Court. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758–59 (7th Cir. 2004) (district court properly rejected late submission of expert reports where opposing party did not have opportunity to challenge the expert's qualifications). And even if Kadolph were properly qualified as an expert, the Court could only grant the Rule 59(e) motion upon a showing by O'Brien that this new evidence would "probably produce a new result." *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). O'Brien entirely fails to address this issue. Indeed, she fails to address the fact that Kadolph's affidavit is contradicted by her own trial exhibits. As described in the underlying opinion, O'Brien's exhibits support a finding that CitiMortgage was a subsidiary of Citibank. R. 39 at 46. In short, even considering Kadolph's affidavit as newly discovered evidence, O'Brien fails to show that it would probably produce a new result as required under Rule 59(e).

11

## Conclusion

For the foregoing reasons, the Court denies O'Brien's Rule 59(e) motion.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 6, 2023